

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CLARENCE SWEENEY (D.O.C. #113028) | DOCKET NO. 09-CV-322; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| LA. DEPARTMENT OF CORRECTIONS, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Clarence Sweeney filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 25, 2009. He also filed a Petition for Writ of Habeas Corpus that day. [1:09-cv-0324] Sweeney is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and he is incarcerated at River Correctional Center in Ferriday, Louisiana. Plaintiff seeks an earlier release from custody. [Doc. #1, p.6]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

On March 19, 1986, Plaintiff was convicted of armed robbery and sentenced to serve 25 years by the First Judicial District Court, Caddo Parish. His full term release date was calculated to be January 12, 2010. On November 22, 1997, Plaintiff was released on "good time" parole pursuant to La. R.S. 15:571.5.

On March 2, 2006, Plaintiff was arrested in California for

violating an unspecified condition of his release agreement. He served one year in custody in California before being returned to Louisiana. Upon his return to Louisiana, his parole status was revoked by the Louisiana Parole Board, and he was ordered to serve his original sentence. His release date was recalculated and is now projected for sometime in January 2019.

Petitioner contends that he is entitled to a credit against his sentence for the 9 years he remained on parole between 1997 and 2006. He claims that the executive branch (Parole Board) has usurped the prerogatives of the Judicial Branch by extending his full time release date beyond the original date. He also claims that this has resulted in the deprivation of "Life and Liberty" without due process. Finally, he claims that the adjustment of his sentence is in violation of La. C.Cr.P. art. 879 and the Constitutions of the United States and the State of Louisiana since the sentence originally imposed has become an indeterminate sentence.

He sole request for relief is for the Court to order the reinstatement of the original full term release date of January 22, 2010, and to thereafter award 6 months educational good time credits resulting in a discharge date of June 22, 2009.

### Law and Analysis

Plaintiff seeks an earlier release from custody and a recalculation of his release date. **Such relief is not available by way of a civil rights action.** See Carson v. Johnson, 112 F.3d 818,

820 (5th Cir. 1997). A section 1983 action is appropriate for recovering damages resulting from illegal administrative procedures; *a habeas action is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement.* See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994). Plaintiff has filed a petition for writ of habeas corpus a claim, which is currently pending in this Court.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED THAT** Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the**

factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _10th_ day of _June_, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE